**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**LISA WOODS**                                                          **PLAINTIFF**


**V.**                        **CASE NO. 5:21-CV-5130-TLB**


**EDWARD IVAN PETERS;
JENNIFER ANN STARK;
and JASP REAL ESTATE, LLC**                            **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

  This is an action by Lisa Woods as third-party plaintiff against Edward Peters, Jennifer Stark, and JASP Real Estate, LLC ("Third-Party Defendants"). Ms. Woods was initially sued in the Circuit Court of Benton County, Arkansas by Zoran Peters, and Woods joined Third-Party Defendants to that action. Third-Party Defendants then removed this case to federal court on July 20, 2021. (Doc. 2).

  Before the Court is Ms. Woods' Motion to Remand, filed on July 28, 2021, (Doc. 8), and Brief in Support, (Doc. 9). Third-Party Defendants filed a Response in Opposition to Plaintiff's Motion for Remand, (Doc. 12), and Woods filed a Reply in Support of the Motion to Remand, (Doc. 15).

  Having considered all relevant materials, the Court **GRANTS** Woods' Motion to Remand (Doc. 8) for the reasons discussed below. The Court **DENIES** Woods' request for costs and attorney's fees. The remaining pending motions in this case (Docs. 5, 20, 21, 25) are preserved for later resolution by the state court.

## I.  BACKGROUND

This action concerns the Peters Family Living Trust ("the Trust") established by Sally and Zoran Peters on January 8, 2014. (Doc. 3, p. 22–102). The Peterses had two children, Lisa Woods and Edward Peters. In its initial form, the Trust named both Woods and Edward Peters as Successor Co-Trustees. The Peterses restated the Trust on April 28, 2017. *Id.* at p.104–26. There, the Peterses named Woods as the sole Successor Trustee. If Woods could not serve, her husband would be the alternate Successor Trustee.

Three amendments to the Trust followed. In the First Amendment on March 19, 2018, Woods replaced her mother, Sally, as Co-Trustee. *Id.* at 128. The Second Amendment to the Trust, executed April 23, 2018, removed Woods as Co-Trustee and left her father, Zoran, as sole Trustee. (Doc. 8-2, pp.140–41). The Third Amendment, executed May 7, 2018, named Edward Peters as the Successor Trustee, explicitly removing both Lisa and her husband as Successor Trustees. *Id.* at p. 142.  Sally Peters died on May 4, 2019.

The action before the Court today stems from a lawsuit filed by Zoran on May 3, 2019, in the Circuit Court of Benton County, Arkansas, Probate Division, which named his daughter, Lisa Woods, as Respondent. (Doc. 8-1, p. 1). Zoran Peters requested the court direct Woods to transfer certain bank accounts from the Grimes Trust, another trust Woods was trustee of, to the Peters Trust and to declare that Woods "engaged in a breach of trust with respect to both the Grimes' and Peters' Trusts." *Id.* at 4. Woods filed a counter-petition against Zoran on February 24, 2020, seeking invalidation of the Second and Third Amendments to the Peters Trust, removal of Zoran as Trustee, and the

appointment of Woods as sole Trustee of the Peters Trust. (Doc. 8-2, pp. 13–14). The Circuit Court of Benton County issued an order on May 25, 2021 that found Zoran had willfully failed to participate in the case or comply with the court's orders and, as a result, held him in contempt of court, struck his pleadings, found him in default, and granted Woods all relief requested in her counter-petition, including a declaration of Woods as sole Trustee. (Doc. 8-3, pp. 4–6). In naming Woods sole Trustee, the court found that Woods is "authorized and empowered under the Peters Trust to take any such action as may be necessary to identify the current assets of the trust, investigate or otherwise locate or determine any trust assets, income or distributions, in whatever form they might be." *Id*. at p. 7.

While the court dismissed Zoran's claims that had initiated the suit in state court, the court also stated that it "retains further jurisdiction of this matter because there are unresolved issues in connection with the trust that the Court will have to resolve. This is not a final judgment." (Doc. 8-3, p. 28). On June 4, 2021, Woods was granted leave to file a third-party complaint against Edward Peters, Edward's girlfriend Jennifer Stark, and Ms. Stark's company, JASP Real Estate, LLC. (Doc. 3-2, pp. 1–2). The third-party complaint alleged numerous transgressions by Edward Peters, Stark, and JASP against the Peters Trust, including fraud, improperly acting as the trustees of the Peters Trust by exerting undue influence over Zoran Peters, and converting significant amounts of Trust property for personal use. (Doc. 3, pp. 1–20).

On June 8, 2021, the state court granted Woods' request for an ex parte temporary restraining order against Edward Peters, Stark, and JASP. (Doc. 3-2, pp. 4–10). On July 14, the state court issued a preliminary injunction, "directing and preventing the third-party

defendants from taking any further action in connection with assets taken from the Peters Trust" and ordering them to "prepare and submit an accounting of actions and transactions taken in connection with transfers of assets of the Peters Trust" within ten days. *Id*. at pp. 21–22. Six days later, on July 20, 2021, the Third-Party Defendants removed the action to this Court based on diversity jurisdiction, and Woods filed a Motion to Remand eight days after that.

## II.  LEGAL STANDARD

The Court must first take up the Motion to Remand, as "[i]t is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) (citing *Ex Parte McCardle*, 7 Wall. 506, 514 (1868)). A "civil action" may be removed from state to federal court if it is one in which district courts would have original jurisdiction, and only "the defendant or the defendants" may initiate removal. 28 U.S.C. § 1441(a). If a federal court lacks subject matter jurisdiction over a removed action, it must remand the case to the originating court. *See* 28 U.S.C. § 1447(c). "The proponents of federal jurisdiction bear 'the burden to establish federal subject matter jurisdiction,' and 'all doubts about federal jurisdiction must be resolved in favor of remand.'" *Moore v. Kan. City Pub. Sch.*, 828 F.3d 687, 691 (8th Cir. 2016) (quoting *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009)).

## III.  DISCUSSION

### A.  Removal by Third-Party Defendants

In her Motion to Remand, Woods relies primarily on *Home Depot U.S.A., Inc. v. Jackson*, where the Supreme Court held "that a third-party counterclaim defendant is not

4

a 'defendant' who can remove under § 1441(a)." 139 S. Ct. 1743, 1750, *reh'g denied*, 140 S. Ct. 17 (2019). The Court agrees that *Home Depot* controls the resolution of the Motion to Remand.

In *Home Depot*, Citibank filed a debt collection action against a borrower in state court. *Id*. at 1747. That borrower then counterclaimed against Citibank and initiated a third-party complaint against Home Depot and another party. *Id*. Citibank dismissed its original claims against the borrower, and Home Depot removed the action to federal court. *Id*. The issue before the Supreme Court was whether Home Depot, as a third-party defendant, could employ 28 U.S.C. § 1441(a) to remove the claims against it to federal court. The Supreme Court reasoned that, *inter alia*, Section 1441(a) only allows removal of a "civil action," as opposed to any claim, and that "the filing of counterclaims . . . against a third party did not create a new 'civil action' with a new 'plaintiff' and a new 'defendant.'" *Id*. at 1748–49. The Court found the term "defendant" in Section 1441(a) intentionally narrow, pointing out that related Federal Rules of Civil Procedure differentiate between "defendants," "third-party defendants," and "counterclaim defendants," and that other removal statutes allow "any party" to remove, suggesting that Section 1441(a) does not. *Id*. at 1749. The Court concluded "that Congress did not intend for the phrase 'the defendant or the defendants' in § 1441(a) to include third-party counterclaim defendants." *Id*.

The holding in *Home Depot* applies specifically to "third-party counterclaim defendants"—that is, a party "first brought into the case as an additional defendant to a counterclaim asserted against the original plaintiff." *Id*. at 1747 n.3. Even so, the reasoning of *Home Depot* extends to all third-party defendants, whether joined in a

counterclaim or joined in a separate third-party complaint. Other district courts applying *Home Depot* have found the same. *See KLM Grp., LP v. Axel Royal LLC*, 2021 WL 677906, at *4 (N.D. Okla. Feb. 22, 2021); *Broad Coverage Serv. v. Oriska Ins. Co.*, 2021 WL 930458, at *2 (S.D.N.Y. Mar. 11, 2021). *Home Depot* is clear that Section 1441 "limits removal to 'the defendant or the defendants' in a 'civil action' over which the district courts have original jurisdiction." *Id*. at 1749. The Supreme Court emphasized that Rule 14 of the Federal Rules of Civil Procedure differentiates "third-party defendants" from the "original defendant." *Id*. Therefore, unless a separate "civil action" can be said to exist, only the defendant originally sued in state court can remove. This Court has long found "that 1441(a) limits the right to remove to defendants and does not give a right of removal to third-party defendants." *Friddle v. Hardee's Food Sys., Inc.*, 534 F. Supp. 148, 149 (W.D. Ark. 1981). *Home Depot* confirms this approach.

Here, Third-Party Defendants are not the original defendants in the state court action, and therefore they could not remove this action to federal court. Zoran Peters was the original plaintiff and Woods was the original defendant. Woods then joined the Third-Party Defendants to the existing suit, as her allegations against Third-Party Defendants related directly to the Peters Trust at issue in Zoran's original complaint. This makes Third-Party Defendants' position analogous to the third-party counterclaim defendants in *Home Depot*, with two differences: Third-Party Defendants were joined *after* the original plaintiff's claims were dismissed,[1] and Third-Party Defendants were not joined as part of a counterclaim against the original plaintiff.

---

[1] In *Home Depot*, the original plaintiff's claims were dismissed one month prior to removal to federal court, but the third-party defendants had already been joined at the time of dismissal. 139 S. Ct. at 1747.

These distinctions—which Third-Party Defendants make much of—do not alter the result. The state court did find Zoran Peters in default and dismissed his claims against Woods on May 25, 2021. However, in doing so, the state court stated that it "retains further jurisdiction of this matter because there are unresolved issues in connection with the trust that the Court will have to resolve. This is not a final judgment." (Doc. 8-3, p. 28). Thus, the state court did not close the matter entirely, as issues related to the Trust were expected to arise and be resolved by the court. Third-Party Defendants counter that a docket entry after the May 25 order lists the case as "closed." (Doc. 12, p. 8). But the court's actual order, not the docket entry, controls, and that order states the case was to remain open.

The court's subsequent actions confirm its intent to leave the existing case open. The court quickly granted Woods leave to join Third-Party Defendants to that action, and the state court referred to those parties as "third-party defendants," (Doc. 3-2, p. 4). This joinder did not create a new "civil action," but rather created new claims directly related to the existing state suit involving the Peters Trust. And the state court did not sever Woods' complaint against Third-Party Defendants from the original action, as occurred in *Lewis v. Fed. Nat'l Mortg. Ass'n*, a case Third-Party Defendants rely on. 2020 WL 9264805, at *2 (N.D. Ala. Nov. 4, 2020).

And while Zoran Peters' original claims against Woods were in fact dismissed on May 25, 2021, Zoran himself did not treat that order as fully ending those proceedings. On June 15, 2021, as the state court attempted to schedule a preliminary injunction hearing, Zoran's counsel requested a 30-day stay of the proceedings due to counsel's

armed services obligations. (Doc. 3-2, p. 12). This involvement by Zoran makes little sense if his suit against Woods had indeed been closed.

Third-Party Defendants also argue Woods cannot be a "third-party plaintiff" under Federal Rule of Civil Procedure 14(a)(1), which states, in part, that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Third-Party Defendants argue Woods "stopped being a 'defending party' on May 25, when Zoran's lawsuit against her was dismissed with prejudice." (Doc. 12, p. 6). But whether an original defendant is still actively defending against the claims brought by the original plaintiff cannot be dispositive. In *Home Depot*, the original plaintiff's claims were dismissed a month before the third-party defendants removed the case. That makes the original defendant in *Home Depot* was even less of a "defending party" than Woods is here. The state court contemplated Woods having to defend against further attacks on her role as Trustee, and the original plaintiff remained involved in the proceedings after the dismissal of his claims.

## B. Realignment and Fraudulent Joinder

Third-Party Defendants argue that realigning the parties "based on their real interests" will reveal them as the only remaining defendants, making their removal proper, and that Woods' third-party complaint was a "fraudulent joinder" designed to defeat removal.[2] (Doc. 12, pp. 3-6). These arguments are unavailing.

Realignment doctrine has been used to determine which party can properly remove where a case's posture makes it unclear who the real defendant is. *See Minot*

---

[2] Because Third-Party Defendants use "fraudulent joinder" and "fraudulent misjoinder" interchangeably in their Response, the Court will address both doctrines. *See* Doc. 12, p. 6.

*Builders Supply Ass'n v. Teamsters Loc. 123*, 703 F.2d 324, 327 (8th Cir. 1983). But the realignment cases Third-Party Defendants rely on, such as *Minot Builders* and *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574 (1954), do not involve removal by a third-party joined to a state action by the original defendant. These cases also pre-date *Home Depot*'s elucidation of what "defendant or defendants" means under Section 1441(a). Only an original defendant can remove to federal court, and only Woods was an original defendant here. Third-Party Defendants are certainly *a* defendant, but Congress "did not intend to allow *all* defendants an unqualified right to remove." *Home Depot*, 139 S. Ct. at 1749 (emphasis added).

The doctrine of fraudulent joinder is likewise inapplicable. "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citing *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir.2003)). Quite the opposite happened here—Woods filed a third-party complaint against *diverse* parties. There is no dispute that the parties here are diverse, and Woods has not sought remand on that basis. There is no evidence Woods filed her third-party complaint in an attempt to prevent removal. Her claims do not appear frivolous, as the state court found Woods was likely to succeed on the merits. *See* Doc. 3-2, p. 8.

Third-Party Defendants also point to the doctrine of fraudulent *misjoinder*. Fraudulent misjoinder involves a plaintiff attempting to defeat removal by joining *non-frivolous* yet unrelated claims against non-diverse parties. *In re Prempro Prod. Liab. Litig.*, 591 F.3d at 620 (explaining fraudulent misjoinder and recognizing the Eighth Circuit has not adopted it). This doctrine is inapplicable because Woods' claims against Third-Party

Defendants did not defeat diversity and are directly related to the Peters Trust at issue in the existing state action.

### C.  Woods' Request for Attorneys' Fees

In her Motion to Remand, Woods requests the Court award her "costs and attorneys' fees incurred in moving to remand" because Third-Party Defendants had "no objectively reasonable basis for removing this case." (Doc. 8, p. 2). The Supreme Court has explained that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Given the conspicuous timing of the removal of this action—six days after being ordered by the state court to produce an accounting within ten days—the Court is wary that Third-Party Defendants may be forum shopping after an unfavorable decision and attempting to frustrate the state court proceedings against them. However, the facts of *Home Depot* dealt with "third-party counterclaim defendants" only, leaving a modicum of ambiguity as to whether *Home Depot* applied to third-party defendants joined separately after the original claims had been dismissed. As such, this Court cannot say there was no objectively reasonable basis for removal.

### IV. CONCLUSION

For the foregoing reasons, Woods' Motion to Remand (Doc. 8) is **GRANTED**. Woods' request for costs and attorneys' fees is **DENIED**. The Clerk of Court is directed to immediately **REMAND** this case to the Circuit Court of Benton County, Arkansas,

Probate Division.  The remaining pending motions in this case (Docs. 5, 20, 21, 25) are preserved for later resolution by the state court.

      **IT IS SO ORDERED** on this 24th day of September, 2021.

_____

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE